DAVID R. ZARO (BAR NO. 124334)
EMILY L. MURRAY (BAR NO. 223815)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        emurray@allenmatkins.com

Attorneys for Defendant
FEDERAL DEPOSIT INSURANCE
CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLIE J. LARRY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMPRO MORTGAGE CORPORATION, an unknown entity; UNITED FINANCIAL MORTGAGE CORPORATION, an unknown entity; ALAN PARKENSON, an individual; ALLIANCE BANCORP, a California corporation; INDYMAC FEDERAL BANK, N.A., an unknown entity; and DOES 1-X, inclusive,<br><br>Defendant. | Case No. CV 09-1254 ODW (RCx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC BANK, F.S.B. AND CONSERVATOR FOR INDYMAC FEDERAL BANK, FSB, TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT<br><br>Date: May 4, 2009<br>Time: 1:30 p.m.<br>Ctrm: 11<br>Judge: Hon. Otis D. Wright II |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 2 |
| II. | BACKGROUND | 2 |
| | A. The FDIC's Dual Appointment As Receiver And Conservator | 2 |
| | B. The Allegations Of The Complaint | 3 |
| | C. Local Rule 7-3 Compliance | 4 |
| III. | THIS COURT LACKS JURISDICTION TO HEAR PLAINTIFF'S CLAIMS | 5 |
| | A. Plaintiff's Claims Are Subject To Exhaustion As A Prerequisite To Judicial Review | 5 |
| | B. Foreclosure By The Bank Is Not Subject To Injunction | 7 |
| IV. | THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILING TO STATE A CLAIM | 8 |
| | A. Count 1 of the Complaint for Declaratory Relief Fails to State a Claim Because the FDIC is not Required to Produce the Original Promissory Note | 9 |
| | B. Count 2 of the Complaint for Fraud Fails to State a Claim Because it is Based on Conclusory and Unsubstantiated Allegations | 10 |
| | C. Count 3 of the Complaint for Fraud Fails to State a Claim Because it is Based on Conclusory and Unsubstantiated Allegations | 10 |
| | D. Count 4 of the Complaint Fails to State a Claim Under California's Unfair Competition Law | 10 |
| | E. Count 5 of the Complaint for Violation of Civil Code Section 2923.6 Failed to State a Claim | 12 |
| | F. Count 6 of the Complaint for Violation of the Unfair Debt Collection Practices Claim Should be Dismissed Because it is Based on Conclusory and Unsubstantiated Allegations | 12 |
| | G. Count 7 of the Complaint for Violation of Civil Code 1572 Fails to State a Claim for Fraud Because it is Based on Conclusory and Unsubstantiated Allegations | 13 |
| V. | PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ANY REMAINING CLAIMS | 13 |
| VI. | CONCLUSION | 14 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

(i)

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

### Cases

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.,*
   159 F.3d 1178 (9th Cir. 1998) .................................................................. 9

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1988) .................................................................... 8

*Bank of America v. City and County of S.F.,*
   309 F.3d 551 (9th Cir. 2002) .................................................................. 11

*Bautista v. Los Angeles County,*
   216 F.3d 837 (9th Cir. 2000) .................................................................... 8

*Bell Atlantic Corp. v. Twombly,*
   127 S. Ct. 1955 (2007) ................................................................. 8, 13, 14

*Cairns v. Franklin Mint Co.,*
   24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998) .............................................. 8

*California Trust Co. v. Smead Inv. Co.,*
   6 Cal.App.2d 432 (1935) ........................................................................ 10

*Clegg v. Cult Awareness Network,*
   18 F.3d 752 (9th Cir. 1994) ...................................................................... 9

*Emery v. Visa Int'l Service Ass'n,*
   95 Cal.App.4th 952 (2002) ..................................................................... 11

*Farner v. Countrywide Home Loans,*
   2009 WL 189025 (S.D. Cal. 2009) ......................................................... 12

*Freeman v. FDIC,*
   56 F.3d 1394 (D.C. Cir. 1995) .................................................................. 7

*Hulse v. Ocwen Fed'l Bank, FSB,*
   195 F.Supp.2d 1188 (D. Or. 2002) ......................................................... 12

*I. E. Associates v. Safeco Title Insurance,*
   39 Cal. 3d 281 (1985) ............................................................................... 9

*Intercontinental Travel Marketing v. F.D.I.C.,*
   45 F.3d 1278 (9th Cir. 1994) .................................................................... 5

*King v. California,*
   784 F.2d 910 (9th Cir. 1986), cert. denied, 484 U.S. 802 (1987) ............ 8

*Lloyd v. FDIC,*
   22 F.3d 335 (1st Cir. 1994) ....................................................................... 7

*McCarthy v. FDIC,*
   348 F.3d 1075 (9th Cir. 2003) .......................................................... 5, 6, 7

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

(ii)

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

| | Page(s) |
|---|---|
| *Moeller v. Lien*, 25 Cal. App. 4th 822 (1994) | 9 |
| *Nava v. Virtual Bank*, 2008 WL 2873406 at *7 (E.D. Cal. 2008) | 11 |
| *Nichols v. Greenpoint Mortgage Funding, Inc.*, 2008 WL 3891126 at *3 (C.D. Cal. 2008) | 11 |
| *Perfect 10, Inc. v. VISA Int'l Service Ass'n*, 494 F.3d 788 (9th Cir. 2007) | 11 |
| *Silvas v. E*Trade Mortgage Corp.*, 421 F.Supp.2d 1315 (S.D. Cal. 2006), *aff'd*, 514 F.3d 1001 (9th Cir. 2008) | 11 |

**Statutes**

| | |
|---|---|
| 12 U.S.C. § 1464(d)(2)(A) | 2 |
| 12 U.S.C. § 1821(c)(5) | 2 |
| 12 U.S.C. § 1821(d)(13)(D) | 5, 6, 7 |
| 12 U.S.C. § 1821(d)(2) | 3 |
| 12 U.S.C. § 1821(d)(2)(A) | 5 |
| 12 U.S.C. § 1821(d)(2)(B) | 3, 5 |
| 12 U.S.C. § 1821(d)(2)(E) | 5 |
| 12 U.S.C. § 1821(d)(3) to (13) | 5 |
| 12 U.S.C. § 1821(d)(3)(B) | 5 |
| 12 U.S.C. § 1821(d)(5)(A)(i) | 5 |
| 12 U.S.C. § 1821(j) | 7 |
| 12 U.S.C. § 2607, Real Estate Settlement Procedures Act | 10 |
| 12 U.S.C. §§ 1461 *et seq* | 11 |
| 15 U.S.C. § 1692d | 12 |
| 15 U.S.C. § 1692e | 12 |
| 15 U.S.C. § 1692f | 12 |
| California Business & Professions Code § 17200 *et seq* | 10 |
| California Civil Code § 1572 | 13 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

(iii)

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

| | Page(s) |
|---|---|
| California Civil Code § 1788 *et seq.*, California's Fair Debt Collection Practices Act ("FDCPA") | 12, 13 |
| California Civil Code § 2923.6 | 12 |
| California Civil Code § 2923.6(b) | 12 |
| California Civil Code § 2924(a)(1) | 9 |
| California Civil Code §§ 2924-2924i | 9 |
| Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA") | 5, 6, 7 |

**Rules**

| | |
|---|---|
| Federal Rule of Civil Procedure 12(b)(1) | 2, 5, 6 |
| Federal Rule of Civil Procedure 12(b)(6) | 2, 8 |
| Federal Rule of Civil Procedure 12(e) | 13 |
| Federal Rule of Civil Procedure 8 | 2, 8 |
| Local Rule 7-3 | 4 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

(iv)

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION.

Plaintiff Billie J. Larry ("Plaintiff") has filed this lawsuit in an attempt to avoid foreclosure. The form Complaint contains broad, conclusory, and confusing allegations that fail to establish any wrongdoing by Defendant the Federal Deposit Insurance Corporation ("FDIC"), as the duly appointed Receiver for IndyMac Bank, F.S.B. ("FDIC-Receiver") and as the duly appointed Conservator for IndyMac Federal Bank, FSB ("FDIC-Conservator"), or by IndyMac Bank, F.S.B. or IndyMac Federal Bank, FSB (collectively, "IndyMac"). The FDIC therefore respectfully moves the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on the following grounds:

- The Court lacks jurisdiction to hear Plaintiff's claims because Plaintiff failed to exhaust the administrative claims process required by statute;
- The Court lacks jurisdiction to enjoin the FDIC, as Plaintiff seeks, because the FDIC is acting pursuant to its statutory powers; and
- The Complaint fails to satisfy the minimal pleading requirement of Rule 8, and fails to allege any concrete or specific factual allegations against the FDIC and/or IndyMac that would entitle Plaintiff to relief under any of the theories alleged.

## II. BACKGROUND.

### A. The FDIC's Dual Appointment As Receiver And Conservator.

On July 11, 2008, the Office of Thrift Supervision ("OTS") closed IndyMac Bank, F.S.B. and appointed the FDIC as its Receiver pursuant to 12 U.S.C. § 1464(d)(2)(A) and § 1821(c)(5). As Receiver, the FDIC was appointed for the purpose of liquidating the liabilities of the failed institution. This includes the administration of claims filed by creditors of IndyMac Bank, F.S.B. On the same date, the OTS chartered a new institution, IndyMac Federal Bank, FSB, to which it transferred all of the insured deposits and substantially all of the assets of the failed

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

-2-

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

institution. The OTS then appointed the FDIC as Conservator to operate the new institution and assume all rights, titles, powers, privileges, and operations of the failed institution. Since that date, the FDIC has been operating in the dual capacity as Receiver for IndyMac Bank, F.S.B. and as Conservator for IndyMac Federal Bank, FSB (IndyMac Bank, F.S.B. and IndyMac Federal Bank, FSB are collectively referred to as "IndyMac").

The FDIC has assumed all rights, titles, powers, privileges, operations and liabilities of IndyMac. *See* 12 U.S.C. § 1821(d)(2). As such, the FDIC essentially stands in the shoes of IndyMac and operates as its successor. *See* 12 U.S.C. § 1821(d)(2)(B). Thus, claims against IndyMac are claims against the FDIC in its capacity as either receiver, conservator, or in this case, both. Accordingly, prior to the removal of this action to this Court, the parties stipulated to the substitution of the FDIC into the action in its dual capacity as Receiver for IndyMac Bank, F.S.B. and Conservator for IndyMac Federal Bank, FSB. A copy of that stipulation was filed with the Court together with the FDIC's Notice of Removal.

### B. The Allegations Of The Complaint.

The Complaint alleges that, on January 29, 2007, Plaintiff financed and obtained a loan evidenced by a deed of trust for the purchase of the property located at 5131 Arlington Avenue, Los Angeles, California 90043 ("Property"). (Complaint, ¶¶ 1, 10.) Plaintiff does not dispute that she thereafter defaulted on such loan. Nor does Plaintiff allege that she has the ability to tender repayment. Plaintiff simply disputes that she should be required to repay what she borrowed.

The Complaint alleges that defendants Ampro Mortgage Corporation ("Ampro"), United Financial Mortgage Corporation ("United"), and/or Alliance Bancorp ("Alliance") made loans for which they were not licensed (Ampro) and failed to make certain disclosures regarding points loaded on total indebtedness (Complaint, ¶¶ 9, 11.) Plaintiff also alleges that Ampro, United, and Alliance were compensated by a points fee, processing fee, administrative fee, and back end fees

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

-3-

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

as a "Yield Spread Premium" outside of the close of escrow. (Complaint, ¶ 12.) Without differentiating among the defendants, Plaintiff contends that none of the Defendants were the holder of the note or the beneficiary because they do not have the original note, and therefore are not authorized to foreclose upon the Property. (Complaint, ¶¶ 15-17.)

The Complaint does not contain <u>any</u> specific allegation about IndyMac and/or the FDIC. Rather, the Complaint asserts only broad, conclusory allegations about "Defendants," of which the FDIC is one. It is impossible to determine which allegations regarding "Defendants" are intended to include IndyMac and/or the FDIC, and which are not. The Complaint does not allege that IndyMac and/or the FDIC had any direct involvement in the loan prior to its closing, nor does it identify any conduct or actions by IndyMac and/or the FDIC that resulted in the claimed violations. As explained within, the Complaint's generality fails to put the FDIC on notice of what its alleged wrongdoings are.

Plaintiff asserts seven causes of action seeking relief under various federal and state statutes. All but the third cause of action, for "Tortuous Violation of Statute [Real Estate Settlement Procedures Act 12 U.S.C. Section 2607]," are asserted against the FDIC, as substituted for IndyMac. The Complaint also contains a prayer for restitution, declaratory relief, injunctive relief, and damages. As set forth herein, all of Plaintiff's claims lack merit.

**C.    Local Rule 7-3 Compliance.**

In accordance with Local Rule 7-3, counsel for the FDIC contacted counsel for Plaintiff on February 9, February 18, and February 27, 2009, and discussed this motion to dismiss and the substance thereof. Plaintiff has neither dismissed nor amended her complaint.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

-4-

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

## III. THIS COURT LACKS JURISDICTION TO HEAR PLAINTIFF'S CLAIMS.

### A. Plaintiff's Claims Are Subject To Exhaustion As A Prerequisite To Judicial Review.

Dismissal of the Complaint pursuant to Rule 12(b)(1) is appropriate because Plaintiff has not exhausted the claims process set forth in 12 U.S.C. § 1821(d)(3) to (13). In the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA"), Congress enacted a comprehensive statutory scheme granting the FDIC authority to act as Receiver for failed financial institutions and special powers to carry out that function. The FDIC, as Receiver, is tasked with preserving and liquidating a failed institution's assets and using the proceeds of liquidation to make distributions to legitimate depositors and creditors. *See* 12 U.S.C. §§ 1821(d)(2)(A)(ii); 1821(d)(2)(B) & (E).

As part of the FIRREA mechanism for winding up failed financial institutions, Congress created a statutory procedure for the orderly and efficient processing of claims. That claims process, set forth in Section 1821(d)(3) through (13), centralizes the initial consideration and resolution of claims against a failed financial institution by requiring that all claims be submitted to the FDIC within 90 days of the FDIC's mailing of a claims form. 12 U.S.C. § 1821(d)(3)(B). Upon receipt of a claim, the FDIC has up to 180 days to review the claim, and grant or deny it (in whole or in part), without the delay and expense of litigation. *See* 12 U.S.C. § 1821(d)(5)(A)(i).

Section 1821(d)(13)(D) provides that this claims process is a mandatory prerequisite to judicial review. During the claims process, the courts do not have jurisdiction over claims against a failed institution for which the FDIC has been appointed receiver. *McCarthy v. FDIC*, 348 F.3d 1075, 1077 (9th Cir. 2003); *Intercontinental Travel Marketing v. F.D.I.C.*, 45 F.3d 1278, 1286 (9th Cir. 1994) (finding that FIRREA's exhaustion requirement is mandatory for both pre and post-

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

-5-

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

receivership cases, and holding that the district court lacked subject matter jurisdiction because plaintiff failed to file a timely claim). As stated in FIRREA:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over-
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D). The phrase "except as otherwise provided in this subsection" refers to a provision that allows jurisdiction in the courts after the administrative claims process has been completed. *McCarthy*, 348 F.3d at 1078. As explained by the Ninth Circuit, FIRREA's exhaustion requirement "applies to *any* claim or action respecting the assets of a failed institution for which the FDIC is receiver." *Id.* at 1081 (emphasis in original). The exhaustion requirement is so broad that it extends to post-receivership claims arising out of acts by the Receiver as well as the failed institution. *Id.*

In *McCarthy*, the Ninth Circuit affirmed the court's dismissal of an action for damages in which the plaintiff complained of the way in which the FDIC handled a loan that the plaintiff was negotiating with a failed institution. *Id.* at 1076. In that case, the plaintiff sought a declaration that the FDIC and the failed institution violated fiduciary duties they owed him and caused him monetary damages that should be offset against his loan with the failed institution. *Id.* at 1077. The district court dismissed plaintiff's action pursuant to Rule 12(b)(1), because under Section 1821(d)(13)(D), the court lacked jurisdiction to hear *any* claims that the plaintiff failed to exhaust through FIRREA. *Id.* at 1081.

Here, the result should be the same. The Complaint asserts a catalog of claims against the Bank for which Plaintiff seeks an array of statutory and actual damages, attorneys fees, and prejudgment interest. (Complaint at Prayer, ¶¶ 1-14).

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

-6-

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

Each of these damage claims are the responsibility of the FDIC-Receiver and therefore Plaintiff is required to exhaust the FIRREA claims process before pursuing such claims in this Court.

To date, Plaintiff has failed to file the Proof of Claim form or allege that she has filed such form, as required by the statute, and Plaintiff has not exhausted the administrative claims process. This Court therefore lacks jurisdiction to hear their claims and the Complaint should be dismissed. 12 U.S.C. § 1821(d)(13)(D); *McCarthy*, 348 F.3d at 1081.

### B. Foreclosure By The Bank Is Not Subject To Injunction.

Pursuant to FIRREA, courts lack jurisdiction to enjoin or restrain the FDIC's exercise of its powers as a receiver or conservator. The statute specifically provides that "[e]xcept as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or function of the [FDIC] as a conservator or a receiver." 12 U.S.C. § 1821(j).

In *Lloyd v. FDIC*, 22 F.3d 335 (1st Cir. 1994), the plaintiff sought to enjoin the FDIC from proceeding with a foreclosure of a mortgage and sought to reform or cancel the sale agreement, promissory note and mortgage. *Lloyd* explains that as part of the FDIC's statutory power to collect all obligations and money due the failed institution, the FDIC has the power to "foreclose on the property of a debtor" and that pursuant to Section 1821(j), a district court "lacks jurisdiction to enjoin the FDIC when the FDIC is acting pursuant to its statutory powers as receiver." *Id.* at 336; *see also, Freeman v. FDIC*, 56 F.3d 1394, 1398-99 (D.C. Cir. 1995) ("In particular, the FDIC's broad powers as receiver include the power to foreclose on the property of a debtor held by the failed bank as collateral, and no court may enjoin the exercise of that power.") Accordingly, the First Circuit held that the district court "was without jurisdiction to grant the injunctive relief" that plaintiff sought and dismissal was required. *Id.* at 336-337.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

-7-

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

Here, the Complaint seeks to enjoin the FDIC from any and all attempts to foreclose on the property. (Complaint at Prayer ¶ 6, 7, 9, 13). Because the Court is without jurisdiction to enjoin the FDIC in connection with its exercise of its powers, including the power to foreclose, the Complaint should be dismissed.

### IV. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) FOR FAILING TO STATE A CLAIM.

To state a claim for relief in compliance with Rule 8 of the Federal Rules of Civil Procedure, "each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). The United States Supreme Court has tightened the pleading standards under Rule 8 and has held that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). The Court explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.

*Id.* at 1964-65 (internal citations omitted).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss is also proper when plaintiff seeks remedies to which plaintiff is not entitled as a matter of law. *See, e.g., King v. California*, 784 F.2d 910 (9th Cir. 1986), *cert. denied*, 484 U.S. 802 (1987).

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

-8-

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

Although the Court must construe the facts in the light most favorable to the non-moving party, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (citation omitted). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

### A. Count 1 of the Complaint for Declaratory Relief Fails to State a Claim Because the FDIC is not Required to Produce the Original Promissory Note.

Plaintiff's first cause of action for declaratory relief is based upon the allegation that IndyMac, and the other defendants, were not the holders in due course of the note, and therefore lacked the authority to foreclose on the Property. This claim is without merit. California allows for the foreclosure process to be conducted by the "trustee, mortgagee or beneficiary or any of their authorized agents." Cal. Civ. Code § 2924(a)(1). Civil Code sections 2924-2924i are said to contain an "exhaustive" and "comprehensive" statutory framework that governs the requirements for conducting a nonjudicial foreclosure:

> This comprehensive statutory framework established to govern trustee sales is intended to be exhaustive. [Citation]. It includes a myriad of rules relating to standing, notice and right to cure. It is inconsistent with the comprehensive and exhaustive statutory scheme regulating trustee sales to incorporate other unrelated provisions into the proceeds.

*Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994). *See also I. E. Associates v. Safeco Title Insurance*, 39 Cal. 3d 281, 288 (1985) (holding the nonjudicial foreclosure statute supplants common law as to the rights and duties of the parties to a deed of trust). Nowhere in this statutory scheme is a requirement that the original promissory note be produced as a prerequisite to conducting a nonjudicial foreclosure. Indeed, it is well-settled in California that a nonjudicial foreclosure sale

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

-9-

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

is not invalid if the trustee has not received the original note, deed of trust, or a statement of condition. *California Trust Co. v. Smead Inv. Co.*, 6 Cal.App.2d 432, 434-435 (1935). Plaintiff's attempt to rewrite California law should be rejected.

### B. Count 2 of the Complaint for Fraud Fails to State a Claim Because it is Based on Conclusory and Unsubstantiated Allegations.

The second cause of action alleges that "Defendants ... were engaged in an illegal scheme the purpose of which was to execute loan secured by real property...". (Complaint, ¶ 31.) The Complaint goes on to allege specific acts by Ampro and United, but there are no allegations specific to IndyMac and/or the FDIC. The allegations general to all defendants seem to be that defendants sold Plaintiff a loan she could not afford. This does not constitute fraud, nor has any fraudulent activity by IndyMac and/or the FDIC been alleged. This cause of action should be dismissed as against the FDIC.

### C. Count 3 of the Complaint for Fraud Fails to State a Claim Because it is Based on Conclusory and Unsubstantiated Allegations.

Plaintiff's third cause of action alleges violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607. Specifically, Plaintiff alleges that Ampro, United, and Alliance engaged in an illegal "kick-back" scheme. No specific allegations as to IndyMac and/or the FDIC are contained in this cause of action; indeed, the caption for the cause of action does not list IndyMac as a responding party. This cause of action should be dismissed as against the FDIC.

### D. Count 4 of the Complaint Fails to State a Claim Under California's Unfair Competition Law.

The Complaint broadly alleges violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* but fails to allege any facts to support the claim. As previously stated, the Complaint does not allege that IndyMac and/or the FDIC was the originator of the subject loan, nor even had any direct involvement in the loan prior to its closing. "A defendant's liability [under the

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

-10-

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

UCL] must be based on his personal participation in the unlawful practice and unbridled control over the practices that are found to violate [the UCL]." *Perfect 10, Inc. v. VISA Int'l Service Ass'n*, 494 F.3d 788, 808-809 (9th Cir. 2007) (quoting *Emery v. Visa Int'l Service Ass'n*, 95 Cal.App.4th 952, 960 (2002)). An unfair practices claim under the UCL cannot be predicated on vicarious liability. *Id.* Thus, courts have found that when a lender was not the originator of the subject loan, nor had any involvement in the loan prior to closing, it cannot be liable under the UCL. *Nichols v. Greenpoint Mortgage Funding, Inc.*, 2008 WL 3891126 at *3 (C.D. Cal. 2008). Thus any UCL allegations against IndyMac and/or the FDIC are based on the unalleged (and false) premise that IndyMac was the original lender with whom Plaintiff originally contracted.

Furthermore, Plaintiff's UCL cause of action is preempted by federal law. "[B]ecause there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable." *Bank of America v. City and County of S.F.*, 309 F.3d 551, 559 (9th Cir. 2002). In *Silvas v. E*Trade Mortgage Corp.*, 421 F.Supp.2d 1315 (S.D. Cal. 2006), *aff'd*, 514 F.3d 1001 (9th Cir. 2008), the court found that the plaintiffs' UCL allegations regarding the lender's practice of misrepresenting consumers' legal rights were predicated on TILA claims. The court dismissed the UCL claim based on its holding that the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461 *et seq.*, preempted claims under the UCL, if the UCL claims were predicated on TILA. *Id.* at 1321. When "federal law preempts a field, it does not leave room for the state to supplement it." *Silvas*, 421 F.Supp.2d at 1319. *See also Nava v. Virtual Bank*, 2008 WL 2873406 at *7 (E.D. Cal. 2008) (stating "plaintiff's UCL claim based on violation of TILA is also preempted by federal law since its application would supplement TILA by changing TILA's framework.")

Thus, Plaintiff's claims under the UCL must be dismissed with prejudice.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

-11-

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

E. **Count 5 of the Complaint for Violation of Civil Code Section 2923.6 Failed to State a Claim.**

Enacted in July 2008, California Civil Code § 2923.6(b) states: "It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a plan is consistent with its contractual or other authority." Plaintiff argues that such language requires the FDIC to modify the terms of Plaintiff's loan, but the courts have concluded otherwise, stating that "nothing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers." *Farner v. Countrywide Home Loans*, 2009 WL 189025 (S.D. Cal. 2009). Civil Code § 2923.6 is nothing more than a statement of legislative intent. Plaintiff has failed to state a cause of action under Section 2923.6 because she cannot do so. Accordingly, the fourth cause of action must be dismissed with prejudice.

F. **Count 6 of the Complaint for Violation of the Unfair Debt Collection Practices Claim Should be Dismissed Because it is Based on Conclusory and Unsubstantiated Allegations.**

Plaintiff's sixth cause of action alleges violations of California's Fair Debt Collection Practices Act ("FDCPA"). Plaintiff does not allege that IndyMac and/or the FDIC engaged in any harassment or abuse, as defined in 15 U.S.C. § 1692d. Plaintiff does not state that IndyMac and/or the FDIC used any false or misleading representations in violation of 15 U.S.C. § 1692e, or that it used any unfair practices in violation of 15 U.S.C. § 1692f. The absence of such allegations also results in the failure of Plaintiff's unfair debt collection claim under California Civil Code § 1788 *et seq.*, California's Fair Debt Collection Practices Act ("FDCPA").

In addition, a nonjudicial foreclosure on real property under a deed of trust is <u>not</u> the collection of a debt under a note within the meaning of the FDCPA. *See Hulse v. Ocwen Fed'l Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002)

("Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.").

Plaintiff's sixth cause of action must be dismissed for failure to allege facts sufficient to state a claim against the FDIC for violation of the FDCPA.

### G. Count 7 of the Complaint for Violation of Civil Code 1572 Fails to State a Claim for Fraud Because it is Based on Conclusory and Unsubstantiated Allegations.

Plaintiff's seventh cause of action alleges that all defendants violated Civil Code section 1572. Civil Code section 1572 contains the definition of "actual fraud," for purposed of evaluating consent to a contract. As set forth above, no specific allegations of fraudulent behavior by IndyMac and/or the FDIC are alleged in the Complaint. As such, the FDIC respectfully submits that the cause of action should be dismissed with prejudice.

## V. PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ANY REMAINING CLAIMS.

If this Court does not dismiss all of the causes of action asserted in the Complaint, the Court should order Plaintiff to provide a more definite statement of the remaining claims. Rule 12(e) authorizes a motion for more definite statement to be granted when the pleading is "so vague or ambiguous that [the defendant] cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

The Complaint does not "plead a short and plain statement" of the elements of Plaintiff's claim. The Complaint does not satisfy the *Bell Atlantic Corp. v. Twombly* standard requiring "more than labels and conclusions" to plead claims that are "plausible on [their] face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-1965,

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

-13-

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

1974. If this Court allows any of Plaintiff's claims to survive, Plaintiff should be ordered to set forth in detail the specific facts supporting each count.

## VI.  CONCLUSION.

For all the foregoing reasons, the FDIC respectfully requests that the Court dismiss the Complaint as set forth above. In the alternative, the FDIC respectfully requests that the Court order Plaintiff to provide a more definite statement of her claims.

Dated: March 25, 2009

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO
EMILY L. MURRAY


By: ___/s/ Emily Murray___
   EMILY L. MURRAY
   Attorneys for Defendants
   FEDERAL DEPOSIT INSURANCE
   CORPORATION; MORTGAGE
   ELECTRONIC REGISTRATION
   SYSTEMS, INC.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

-14-

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )
) ss.:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071-3309.

On March 26, 2009, I served on interested parties in said action the within:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC BANK, F.S.B. AND CONSERVATOR FOR INDYMAC FEDERAL BANK, FSB, TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

by placing a true copy thereof in sealed envelope(s) addressed as stated below.

Timothy L. McCandless, Esq.
LAW OFFICES OF TIMOTHY L. MCCANDLESS
15647 Village Drive
Victorville, CA 92394

I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 26, 2009, at Los Angeles, California.

Lorrie Anderson                                    *Lorrie Anderson*
(Type or print name)                               (Signature)

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

823206.01/LA

Case No. CV 09-1254 ODW (RCx)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT